**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Hampton River Marina, LLC

    v.                                        Civil No. 04-cv-428-JD

New Hampshire Insurance Company

**O R D E R**

The State of New Hampshire and the Town of Hampton each seek to quash a subpoena served on them to produce documents in their possession (see document nos. 9 and 10) as follows:

> All records, reports, statements and
> photographs related to the fire that occurred
> at Hampton River Marina, Building 1, 55
> Harbor Road in Hampton, NH on or about
> December 30, 2003.

Document no. 9, Exhibit A.  Neither the movants nor the plaintiff complied with LR 7.1(a)(2)'s memorandum of law requirements nor have they addressed any of the applicable federal discovery law issues.[1]  Both movants assert that the basis of their objection is that the documents sought are part of their respective ongoing criminal investigation of the fire.  The fire occurred on December 30, 2003 and was determined to be of "incendiary" nature

---

[1] It is not clear whether counsel were unaware that the issue is one of federal discovery law or simply chose to ignore it.

on November 30, 2004.  There have been no indictments and no facts have been offered to indicate when, if ever, the investigations will be complete.

## Discussion

In deciding this issue it is useful, as it is in most cases, to look at the applicable law.  Had counsel considered the applicable law they would have noted that:

> A nonparty's motion to quash a subpoena (under Rule 45(c)(3)) is, in essence, the same as a motion for a protective order that discovery not be had under Rule 26(c).  Therefore, the court is required to balance relevance, need, confidentiality, and harm.

9 James Wm. Moore, et al., Moore's Federal Practice § 45.04[3][a] (3d ed. 2004).

Further, the party seeking the protective order (or seeking to quash the subpoena) has the burden of showing good cause for issuance of the requested order.  Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988).  There is precedent for staying discovery during a criminal investigation.  See for example, Williamson v. United States Dept. of Agriculture, 815 F.2d 368, 382 (5th Cir. 1987); G-69 v. Degnan, 130 F.R.D. 326 (1990) and 130 F.R.D. 339 (1990).  The parties however have cited no cases on point and have not considered,

briefed or argued good cause; the need to balance relevance, need, confidentiality, and harm; nor the appropriateness for a two or three month stay.

The Town does not allege that it has any active and ongoing criminal investigation but rather that the State Fire Marshal does.  <u>See</u> document no. 10, ¶ 3.  The Town does not allege that its officer's investigation is ongoing.

The State makes a blanket statement, totally unsupported by the affidavit required by LR 7.1(a)(2), that the Fire Marshal's criminal investigation is (1) ongoing, (2) that such investigations are exempt from disclosure, (3) that you couldn't get the documents under the Freedom of Information Act, and (4) disclosure would seriously damage the investigation, as well as risk circumvention of the law.  "(3)" is irrelevant.  "(1)" and "(3)" are conclusory statements unsupported by affidavit or fact.  "(2)" is a conclusory legal proposition without citation to controlling authority.

It is not this court's responsibility to protect the parties from the inadequacies of their filings.  Movants have not met their burden.  They have failed to comply with LR 7.1(a)(2), failed to show good cause and failed to carry their burden of

balancing relevancy, need and harm.[2]  The motions (document nos. 9 and 10) are denied.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: July 14, 2005

cc:   John G. Cronin, Esq.
      Mark S. Gearreald, Esq.
      William D. Pandolph, Esq.
      Nancy J. Smith, Esq.

---

[2] Movants have not even addressed why the investigation of a fire whose embers cooled one and a half years ago continues on with no apparent end in sight.