UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Hampton River Marina, LLC

    v.                         Civil No. 04-cv-428-JD

New Hampshire Insurance Company


O R D E R

Hampton River Marina, LLC, ("HRM") brought suit against its insurer, New Hampshire Insurance Company ("NHIC"), alleging breach of its commercial property insurance policy in Count I, breach of its yacht dealers and marina operators policy ("Operators Policy") in Count II, and seeking an award of attorneys' fees in Count III.  HRM now moves for partial summary judgment on the issue of liability on Count II.  NHIC objects to the motion.


Background

The parties agree that NHIC issued a Commercial Property Policy, covering HRM's commercial buildings at 55 Harbor Road, Hampton, New Hampshire, and a Yacht Dealers and Marina Operators Policy ("Operators Policy"), providing liability insurance and property coverage for the piers, wharves, and docks at the same location.  Those policies were in effect between August 28, 2003, and August 28, 2004.  On December 30, 2003, a fire destroyed a building at the marina and damaged the seawall.

The State Fire Marshall completed an investigation report in early January of 2004, stating that the fire was under investigation due to "suspicion of criminal intent." On November 30, the investigator reported that the fire was "[a]n incendiary fire, which was initiated by an open flame introduced to vapors of ignitable liquids distributed upon the concrete floor surface of the marine repair shop located on Side One, level One of the structure resulting in flaming combustion." As of June 2005, the State Fire Marshall was continuing the investigation of the fire. HRM's owners deny any responsibility for the fire.

NHIC paid $50,000 to HRM as an initial advance under the commercial property policy. Hampton filed a proof of loss on March 1, 2004, which NHIC rejected on March 19, 2004, stating that it could not rule out that the owners of HRM were involved in the fire. HRM's adjuster and NHIC's adjuster continued to work on the case, getting estimates for repairs, and NHIC communicated its estimates to HRM. HRM filed suit in November of 2004, alleging that NHIC breached its obligations under the two policies by failing to pay for the loss within sixty days after HRM filed its proof of loss.

NHIC represents that after it received the Fire Marshall's investigation report in August of 2005, it decided not to pursue an arson defense against HRM. On November 23, 2005, HRM provided a detailed breakdown of its claimed losses and the estimates for

repair.  HRM then provided additional information in December. The parties reached agreement as to some of the claimed items. NHIC offered to pay specific amounts for repair of the seawall and for tools, based on estimates that were considerably less than the amount claimed by HRM.  NHIC also offered to discuss other disputed items further.  NHIC represents that HRM rejected its offer on January 24, 2006.

### Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When the party seeking summary judgment also bears the burden of proof on the issue, "he cannot prevail unless the evidence that he provides on that issue is conclusive."  E.E.O.C. v. Union Independiente de la Autoridad, 279 F.3d 49, 55 (1st Cir. 2002) (internal quotation marks omitted).  The party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

repair.  HRM then provided additional information in December. The parties reached agreement as to some of the claimed items. NHIC offered to pay specific amounts for repair of the seawall and for tools, based on estimates that were considerably less than the amount claimed by HRM.  NHIC also offered to discuss other disputed items further.  NHIC represents that HRM rejected its offer on January 24, 2006.

### Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When the party seeking summary judgment also bears the burden of proof on the issue, "he cannot prevail unless the evidence that he provides on that issue is conclusive."  E.E.O.C. v. Union Independiente de la Autoridad, 279 F.3d 49, 55 (1st Cir. 2002) (internal quotation marks omitted).  The party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

HRM seeks partial summary judgment as to NHIC's liability for breach of the Operators Policy, as alleged in Count II.[1]  HRM contends that NHIC breached the Operators Policy by not paying for its losses covered by the policy within sixty days after it provided its proof of loss.[2]  Despite that contention, HRM concedes that an insurer is entitled to a reasonable amount of time to investigate a suspicion of arson.  See Lawton v. Great Southwest Fire Ins. Co., 118 N.H. 607, 612 (1978).  Nevertheless, HRM argues that the time that has elapsed since March of 2004 is not a reasonable delay.

The Operators Policy provides that "[a]ll adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company."  HRM has not provided evidence of when its claim under the Operators Policy was adjusted and when its proof of interest and loss was accepted by NHIC.  In contrast, NHIC has provided persuasive evidence that

---

[1] Therefore, only the claim in Count II is considered for purposes of the present motion.

[2] HRM also cites New Hampshire Revised Statutes Annotated § 407:12 that provides:  "The company shall begin the adjustment of the loss within 15 days after receipt of notice of loss.  The amount of loss under a fire insurance policy shall be due and payable in 60 days after receipt by the insuring company of proof of loss, and the insured may commence an action after the expiration of that time to recover the same."  While the statute provides a time for commencing suit, it does not affect the policy terms for purposes of the insured's breach of contract claim.

HRM failed to provide satisfactory proof of loss and that the claims have not yet been adjusted.

Therefore, HRM has not met its burden of providing conclusive evidence that NHIC breached the time limit provided in the Operators Policy for making the payments required under the policy.

## Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (document no. 15) is denied.

Based on the representations made by NHIC in response to HRM's motion for partial summary judgment, it appears that HRM's claims for coverage could and should be resolved by agreement between the parties.  The parties are urged to use their best efforts to resolve these issues expeditiously, before any additional time or funds are expended by the parties and the court in litigating this case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 14, 2006

cc: John G. Cronin, Esquire
    Mark S. Gearreald, Esquire
    William D. Pandolph, Esquire